UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERRY R. BELT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>Defendants. | Civ. No. 17-13582 (RBK) (AMD)<br><br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Jerry R. Belt, is a federal prisoner currently incarcerated at FMC Lexington in Lexington, Kentucky. Plaintiff was previously incarcerated at FCI Fort Dix in Fort Dix, New Jersey and FCI Ashland in Ashland, Kentucky. He is proceeding *pro se* with a civil complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* ECF No. 1). Plaintiff has also filed a Motion to Appoint a Third-Party Representative in this matter. (*See* ECF No. 4). For the reasons set forth below, Plaintiff's claims against the FCI Ashland Defendants will be severed and transferred to the United States District Court for the Eastern District of Kentucky. Plaintiff's remaining claims against the FCI Fort Dix Defendants will be permitted to proceed in part. Additionally, Plaintiff's motion for the appointment of a representative will be denied.

## II. FACTUAL BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Plaintiff names the following parties as defendants: (1) Federal Bureau of Prisons; (2) Northeast Regional Director; (3) Northeast Regional Health Services Administrator; (4) Jose A. Santana, Chief, Designation & Sentencing Computation Center; (5) Northeast Regional

1

Administrative Remedy Coordinator; (6) Warden J. Hollingsworth, FCI Fort Dix; (7) Associate Warden, FCI Fort Dix; (8) Captain, Fort Dix; (9) Special Agent-in-Charge, Fort Dix; (10) Special Investigations Services, Lieutenant, FCI Fort Dix; (11) Chief Psychologist, FCI Fort Dix; (12) Staff Psychologist, FCI Fort Dix; (13) Unit Manager Robinson, FCI Fort Dix; (14) Case Manager Crisson, FCI Fort Dix; (15) Administrative Remedy Coordinator, FCI Fort Dix; (16) Counselor Robert, FCI Fort Dix; (17) Counselor Castellanos, FCI Fort Dix; (18) Counselor Ruffin, FCI Fort Dix; (19) Counselor Watson, FCI Fort Dix; (20) Correction Officer J. Rayfield., FCI Fort Dix; (21) Correction Officer Ms. Collodo, FCI Fort Dix; (22) Warden Thomas Smith, FCI Ashland; (23) Associate Warden Janisse Bishop, FCI Ashland; (24) Unit Manager Mr. Fazenbaker, FCI Ashland; (25) Federal Prison Camp Administrator, FCI Ashland; (26) Health Services Administrator, FCI Ashland; (27) Chief Psychologist, FCI Ashland; (28) Staff Psychologist Ms. Williams, FCI Ashland; (29) Staff Psychologist, FCI Ashland; (30) Case Manager Tony Dean, FCI Ashland; (31) Counselor S. Reed, FCI Ashland; (32) Case Manager Mr. Patton, FCI Ashland; (33) Counselor J. Boggs, FCI Ashland; (34) Captain, FCI Ashland; (35) Primary Care Provider Ms. Boyd, FCI Ashland; (36) Health Services Director Dr. Gomez, FCI Ashland; (37) Special Agent-in-Charge, FCI Ashland; and (38) Special Investigations Services, FCI Ashland.

Plaintiff's complaint arises from an alleged sexual assault that occurred while he was incarcerated at FCI Fort Dix. (*See* ECF No. 1 at pp. 12-16). Specifically, Plaintiff claims that on January 10, 2017, Counselor Ruffin sexually assaulted Plaintiff both verbally and physically. (*See id.* at p. 15). Plaintiff also claims that he repeatedly informed Unit Manager Robinson and Case Manager Crisson of the harassment he experienced by Counselor Ruffin, yet they failed to transfer Plaintiff to a different security classification. (*See id.* at p. 14). Additionally, Plaintiff claims that Corrections Officer Collodo witnessed the sexual assault by Counselor Ruffin and failed to

intervene. (*See id.*at p. 16). Plaintiff further alleges that numerous individuals at FCI Fort Dix failed to investigate the sexual assault and ignored his inmate grievances. (*See id.* at pp. 13-15).

Plaintiff's complaint also raises additional causes of action arising from an alleged denial of medical treatment that occurred while he was incarcerated at FCI Ashland. (*See id.*at pp. 16-19). Plaintiff has also filed a motion requesting that this Court appoint Reginald Thaddeus Gilbert-Bey, an inmate at FCI Ashland, to represent him in this matter. (*See* ECF No. 4).

### III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *See United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The court should "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

## IV. DISCUSSION

### A. Claims against the FCI Ashland Defendants

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal for lack of personal jurisdiction. "The federal district courts in New Jersey may assert personal jurisdiction over a nonresident only to the extent authorized by state law." *Boyd v. Arizona*, 469 F. App'x 92, 97 (3d Cir. 2012) (citing *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010)); *see also* Fed. R. Civ. P. 4(e), 4(k)(1)(A). The New Jersey statute is "intended to extend as far as is constitutionally permissible." *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir. 1981); *see also Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) ("New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution."). Accordingly, the exercise of personal jurisdiction over a nonresident defendant depends upon whether that defendant has established "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also Miller Yacht Sales*, 384 F.3d at 96 ("[P]arties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there.")

There are two types of personal jurisdiction that can be established by minimum contacts which comport with constitutional due process principles: general jurisdiction and specific jurisdiction. *See Boyd*, 469 F. App'x at 97. General jurisdiction exists "when a defendant has maintained systematic and continuous contacts with the forum state." *Id.* (quoting *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 300 (3d Cir. 2008)). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Kehm Oil Co.*, 537 F.3d at 300 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)).

4

Here, Plaintiff seeks to assert claims against numerous individuals for conduct that occurred while he was incarcerated at FCI Ashland in Kentucky. Specifically, Plaintiff names the Northeast Regional Health Services Administrator; Jose Santana, Chief, Designation & Sentencing Computation Center; Warden Thomas Smith; Associate Warden Janisse Bishop; Mr. Fazenbaker; Ms. Williams; Tony Dean; S. Reed; Mr. Patton; J. Boggs; Ms. Boyd; Dr. Gomez; and other unidentified FCI Ashland employees as Defendants (collectively the "FCI Ashland Defendants"). Plaintiff's allegations regarding the FCI Ashland Defendants all relate to conduct which occurred outside the territorial jurisdiction of the United States District Court for the District of New Jersey. Plaintiff does not allege that the FCI Ashland Defendants engaged in unconstitutional conduct in New Jersey, or that these Defendants directed their conduct at New Jersey. Moreover, Plaintiff has not asserted any facts which suggest that any of the FCI Ashland Defendants maintained the sort of "systematic and continuous contacts" with New Jersey that would establish general jurisdiction. There is nothing in the complaint which suggests that this Court could exercise general or specific jurisdiction over the FCI Ashland Defendants. Accordingly, personal jurisdiction does not exist as to the FCI Ashland Defendants.

Pursuant to 28 U.S.C. § 1406(a), a district court is permitted to either dismiss or transfer a case to another court even if it does not have jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962) (establishing that the language of § 1406 is broad enough to authorize the transfer of cases where the plaintiff has filed in a court that does not have jurisdiction over the defendant); *Lafferty v. St. Riel*, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating that § 1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case).[1] Section 1406(a) provides in pertinent part:

---

[1] Some courts also use 28 U.S.C. § 1631 as a source for effecting a transfer. This statute provides, in relevant part, that when a district court finds that there is a "want of jurisdiction,"

5

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). In light of the lack of personal jurisdiction over the FCI Ashland Defendants, this Court determines that venue in this district is improper. However, personal jurisdiction does exist, and venue is proper in this district, as to the remaining Defendants.

In a situation where venue is proper for some defendants but not for others, a district court has the option to dismiss or to sever the claims, retaining jurisdiction over some defendants and transferring the case as to the other defendants to an appropriate district. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291 (3d Cir. 1994); 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3827 (4th ed. 2015) ("If venue is proper for some defendants but improper for others, the district court has wide discretion. It may transfer the entire case to another forum that would be proper for all the defendants. Or it may retain the case as to those defendants who have been properly sued there and sever and transfer the portion of the case for those defendants for whom venue is improper or dismiss the action as to those defendants.").

---

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. However, because courts are divided as to whether this section permits transfer to cure a lack of personal jurisdiction, this Court determines that the appropriate statue for effectuating a possible transfer in this case — where personal jurisdiction is lacking — is § 1406(a). *See* 15 Charles Alan Wright, et al., Federal Practice and Procedure § 3842 (4th ed. 2015) ("Although the courts are rather evenly divided on the subject, the better view is that Section 1631 is limited to subject matter jurisdiction defects and does not address problems with personal jurisdiction or venue.").

Here, Plaintiff has filed claims against numerous individual Defendants for alleged violations which occurred at FCI Ashland in Kentucky and FCI Fort Dix in New Jersey. Because it appears that this action was filed in good faith, it would be in the interest of justice to sever and transfer the claims against the FCI Ashland Defendants to the appropriate venue.

### B. Claim against the Federal Bureau of Prisons

It appears that Plaintiff is attempting to assert a *Bivens* claim against the Federal Bureau of Prisons as a Defendant. It is well-settled that *Bivens* actions against the United States—and, by extension, against federal agencies or officials sued in their official capacity—are barred by sovereign immunity, absent an explicit waiver of that immunity. *See Huberty v. United States Ambassador to Costa Rica*, 316 F. App'x 120, 122 (3d Cir. 2008) (citing *FDIC v. Meyer*, 510 U.S. 471, 483 (1994); *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979); *Consejo de Desarrollo Economico de Mexicali v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *Douglas v. United States*, 285 F. App'x 955 (3d Cir. 2008)). A *Bivens* action cannot be brought against a federal agency, such as the Federal Bureau of Prisons, since such claims are plainly barred by the doctrine of sovereign immunity. *See Coffey v. Fed. Bureau of Prisons*, No. 15-0231, 2015 WL 2185518, at *2 (D.N.J. May 11, 2015) ("The Federal Bureau of Prisons and the Unites States have sovereign immunity against suit in a *Bivens* action.") (citing *Perez–Barron v. United States*, 480 F. App'x 688, 691 (3d Cir. 2012)). Accordingly, Plaintiff's *Bivens* claim against the Federal Bureau of Prisons is dismissed with prejudice.

### C. Violations of the Prison Grievance Process

Plaintiff alleges that the Northeast Regional Director and the Northeast Regional Administrative Remedy Coordinator have rejected and ignored all administrative remedy complaints submitted by Plaintiff. (*See* ECF No. 1 at pp. 12-13). Plaintiff also claims that Warden Hollingsworth, as well as, the Associate Warden, Captain, and Administrative Remedy

7

Coordinator at FCI Fort Dix similarly ignored and failed to respond to Plaintiff's inmate remedy complaints. (*See id.* at pp. 13-15). Additionally, Plaintiff alleges that Counselor Castellanos denied Plaintiff's requests for administrative remedy forms. (*See id.* at p. 15).

Prisoners do not have a constitutionally protected right to a prison grievance process. *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005). While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). Thus, any attempt by Plaintiff to establish liability against the Defendants based upon their handling of his administrative grievances or complaints does not support a constitutional claim. *See Stringer v. Bureau of Prisons*, 145 F. App'x 751, 753 (3d Cir. 2005) (a failure to respond to an inmate's grievances "does not violate his rights to due process and is not actionable") (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim). Accordingly, such claims are dismissed without prejudice.

**D. Denial of Medical Care Claim**

Plaintiff also alleges that he has a history of being a victim of adolescent sexual abuse and that based on this history, it was "incumbent upon [the Chief Psychologist and Staff Psychologist at FCI Fort Dix] to review [Plaintiff]'s central file then interview and monitor [him]. (See ECF No. 1 at p. 14). To the extent that Plaintiff is attempting to assert a claim for the denial of medical

8

treatment against the Chief and Staff Psychologists at FCI Fort Dix, Plaintiff has failed to plead sufficient facts to state a claim upon which relief can be granted.

To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that the defendants acted with "deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). There are two components to this standard. Initially, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). "A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 347 (quoting *Pace v. Fauver*, 479 F. Supp. 456, 458 (D.N.J. 1979), *aff'd*, 649 F.2d 860 (3d Cir. 1981)).

Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002). Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer*, 991 F.2d at 68, or "persistent conduct in the face of resultant pain and risk of permanent injury," *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

Here, Plaintiff has not alleged sufficient facts indicating that he suffered from a serious medical condition or that the Chief Psychologist and Staff Psychologist at FCI Fort Dix acted with

9

deliberate indifference to his serious medical need. Accordingly, Plaintiff has not properly alleged his Eighth Amendment denial of medical care claim against these Defendants.

### E. Verbal Harassment Claim

Next, Plaintiff alleges that Counselor Robert taunted and teased Plaintiff about his severe stuttering. (*See* ECF No. 1 at p. 15). Generally, mere verbal harassment does not give rise to a constitutional violation. *See McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) (vulgar language); *Rivera v. Goord*, 119 F. Supp.2d 327, 342 (S.D.N.Y. 2000) (verbal harassment does not violate inmate's constitutional rights); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 187-189 & n.3 (D.N.J. 1993) (corrections officer's use of racial slurs did not amount to constitutional violation); *Murray v. Woodburn*, 809 F. Supp. 383 (E.D. Pa. 1993); *Douglas v. Marino*, 684 F. Supp. 395 (D.N.J. 1988). Here, Plaintiff does not allege any physical abuse in conjunction with the verbal harassment by Counselor Robert to elevate this claim to one of constitutional magnitude. Consequently, any such claim of verbal harassment will be dismissed for failure to state a cognizable claim.

### F. Sexual Assault Claim

A prison inmate has a constitutional right to be secure in his bodily integrity and free from attack by prison guards. *Castillo v. Day*, 790 F.3d 1013 (10th Cir. 2015). The sexual assault of a prison inmate by a guard is a violation of an inmate's Eighth Amendment rights. *See, e.g., Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985) (holding that a complaint alleging specific facts relating to sexual assaults, among other things, stated cause of action for violations of Eighth Amendment); *Barnes v. Broyles*, No. 13-737, 2016 WL 155037, at *4 (D.N.J. Jan. 12, 2016) (finding that prisoner's allegation that officer "sexually assaulted, and or fondled him" was sufficient to state an Eighth Amendment violation under *Bivens*); *Wright v. O'Hara*, No. 00-1557, 2002 WL

1870479, at *6 (E.D. Pa. Aug. 14, 2002) (holding that allegations that state prison guard sexually assaulted prisoner and incited other prisoners against him stated Eighth Amendment violation, for purposes of prisoner's § 1983 action).

Here, Plaintiff alleges that Counselor Ruffin "sexually assaulted [him] both verbally and physically" on January 10, 2017. Construing Plaintiff's complaint liberally as this Court must, Plaintiff has alleged a deprivation of a right secured by the Constitution and laws of the United States caused by an official acting under color of federal law. *See Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (stating that at the pleading stage, a plaintiff need only make out a claim upon which relief can be granted, and that if more facts are necessary to resolve the dispute, the parties may avail themselves of discovery mechanisms). Therefore, the Court will permit Plaintiff's sexual assault claim against Counselor Ruffin to proceed.

### G. Failure to Protect Claim

Plaintiff further claims that Unit Manager Robinson provided Plaintiff with an inappropriate custody classification,[2] which resulted in Plaintiff being sexually assaulted by a BOP authority. (*See* ECF No. 1 at p. 14). Additionally, Plaintiff alleges that Unit Manager Robinson and Case Manager Crisson repeatedly ignored Plaintiff's requests for reassignment to the appropriate custody classification level despite Plaintiff's "anxiety filled" complaints that a "BOP authority bemeaned and berated [Plaintiff] for his stuttering." (*See id.*). The Court construes these allegations as a failure to protect claim against Unit Manager Robinson and Case Manager Crisson.

To assert an Eighth Amendment failure to protect claim, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm" and that the defendant

---

[2] To the extent that Plaintiff attempts to assert a constitutional violation based on his "inappropriate custody classification," it is well-established that a federal inmate has "no legitimate statutory or constitutional entitlement" to any particular custodial classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Olim v. Wakinekona,* 461 U.S. 238, 245 (1983).

was deliberately indifferent to the risk. *See Farmer v. Brennan*, 511 U.S. 825, 833, 837 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). The Third Circuit has stated that:

> "Deliberate indifference" in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Beers–Capitol [v. Whetzel]*, 256 F.3d [120,] 125 [(3d Cir. 2001)]. It is not sufficient that the official should have known of the risk. *Id.* at 133. A plaintiff [must] prove an official's actual knowledge of a substantial risk to his safety ….

*Bistrian*, 696 F.3d at 367-69; ("[plaintiff] plausibly alleges that certain prison officials actually knew that he faced an excessive risk of harm by being placed in the SHU recreation yard [with the inmates who assaulted him] because he repeatedly advised (both verbally and in writing) [the prison officials] ... of the multiple threats [those particular inmates made to him]"); *see also Miller v. Ricci*, No. 11-0859, 2011 WL 1655764, at *28 (D.N.J. Apr. 28, 2011) ("To plead an Eighth Amendment failure to protect claim a plaintiff must plead facts raising a plausible inference of ... the defendants' deliberate indifference to that particular risk of harm").

Keeping in mind that *pro se* complaints should be construed liberally, this Court will allow Plaintiff's failure to protect claim to proceed against Unit Manager Robinson and Case Manager Crisson.

### H. Failure to Intervene Claim

Plaintiff further alleges that Corrections Officer Collodo directly witnessed the sexual assault by Counselor Ruffin and failed to stop, report, or intervene in the assault. (*See* ECF No. 1 at p. 16). The restriction on cruel and unusual punishment contained in the Eighth Amendment reaches non-intervention just as readily as it reaches the more demonstrable brutality of those who unjustifiably and excessively assault an inmate. *See Smith v. Mensinger*, 293 F.3d 641, 651 (3d Cir. 2002). A corrections officer's failure to intervene in an assault can be the basis of liability for an Eighth Amendment violation if the corrections officer had a reasonable opportunity to intervene

and failed to do so. *See id.* at 650; *see also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 456 (3d Cir. 1996) (noting that deliberate indifference standard should apply to claims that prison officials failed to protect inmate from violent attack whether or not the attack comes from another inmate). Construing all inferences in Plaintiff's favor, the Court will allow Plaintiff's Eighth Amendment failure to intervene claim to proceed at this time against Corrections Officer Collodo.

I. **Failure to Properly Investigate Claim**

Plaintiff also alleges that the Special Agent-in-Charge and the Lieutenant of the Special Investigations Services at FCI Fort Dix failed to appropriately investigate the alleged sexual assault and refer the incident for federal criminal charges. (*See* ECF No. 1 at p. 14). Additionally, Plaintiff claims that Case Manager Crisson, Counselor Watson, and Corrections Officer Rayfield failed to appropriately report and document the assault in accordance with the Prison Rape Elimination Act of 2003 ("PREA") protocol. (*See id.* at pp. 14-15).

It is well-settled within the Third Circuit "that 'an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" *Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) (citation omitted); *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) ("[T]he District Court correctly reasoned that there is no constitutional right to the investigation or prosecution of another."); *Aruanno v. Fishman*, 443 F. App'x 679, 680-81 (3d Cir. 2011) ("[B]ecause [the plaintiff] does not have a legally cognizable interest in compelling federal prosecutors to investigate or prosecute alleged violations of his rights, the complaint was properly dismissed for failure to state a claim upon which relief may be granted."). Here, as previously discussed, Plaintiff has a constitutional right to be secure in his bodily integrity and free from attack by prison guards. Because Plaintiff has identified a recognizable constitutional right in connection with his failure to investigate claim, the Court will permit the failure to investigate claim to proceed against the Defendants.

### J. *Bivens* Actions Following *Ziglar v. Abassi*

Section 1983 of Title 42 created a remedy for monetary damages for those injured by persons acting under color of state law, but "Congress did not create an analogous statute for federal officials. Indeed, in the 100 years leading up to *Bivens*, Congress did not provide a specific damages remedy for plaintiffs whose constitutional rights were violated by agents of the Federal Government." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017). The Supreme Court created an implied cause of action in *Bivens* based on a violation of the Fourth Amendment by federal officers. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). The Court extended the *Bivens* remedy twice more: *Davis v. Passman*, 442 U.S. 228 (1979) (holding administrative assistant fired by Congressman had a *Bivens* remedy for her Fifth Amendment gender discrimination claim), and *Carlson v. Green*, 446 U.S. 14 (1980) (holding prisoner's estate had *Bivens* remedy against federal jailers for failure to treat his asthma). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855.

The Supreme Court recently concluded in *Ziglar* "that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857. *Ziglar* created a funnel through which plaintiffs alleging constitutional violations by federal officials must pass. First, federal courts must determine whether the cause of action presents a "new context" for *Bivens* cases. If it does, courts must then determine whether alternative remedies exist. Finally and most critically, courts must determine whether there are special factors counselling against extending the *Bivens* remedy to the new cause of action.

Although the Court will allow Plaintiff's Eighth Amendment sexual assault, failure to protect, failure to intervene, and failure to investigate claims to proceed past screening pursuant to 28 U.S.C. § 1915(e)(2)(B); these Eighth Amendment claims are new *Bivens* contexts, subject to

14

the analysis set forth in *Ziglar*. Whether "special factors" caution against extending *Bivens* in the context of these claims is an issue that the Court elects not to decide upon screening of the complaint and without briefing by the parties upon either a motion to dismiss or for summary judgment. Therefore, for purposes of screening only, the Court assumes *arguendo* that a remedy under *Bivens* is available to Plaintiff for these Eighth Amendment claims.

### K. Motion to Appoint Third-Party Representative

Plaintiff has filed a motion requesting that the Court appoint Reginald Thaddeus Gilbert-Bey, an inmate at FCI Ashland, to represent him in this matter. (*See* ECF No. 4). The motion, however, does not allege that Mr. Gilbert-Bey is a licensed attorney. (*See id.*).

"The federal courts 'have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.'" *Gunn v. Credit Suisse Grp. AG*, 610 F. App'x 155, 157 (3d Cir. 2015) (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). Parties to a federal action are entitled to "plead and conduct their own cases personally or by counsel," but not by way of a lay representative. 28 U.S.C. § 1654; *see also* Fed. R. Civ. P. 11(a) (requiring that all pleadings, motions, and submissions to federal courts be signed by an attorney of record or by the unrepresented party himself/herself). In this district, the relevant rules provide that a non-lawyer may not act as the legal representative or advocate for a party. *See* L. Civ. R . 101.1 (governing admission to practice in the District of New Jersey); *Hernandez v. Cullison*, No. 05-3038, 2006 WL 1804579, at *6 (D.N.J. June 26, 2006) (striking and disregarding a non-lawyer's opposition brief on behalf of plaintiff); *S.W. v. Bridgeton Bd. of Educ.*, No. 05-0043, 2006 WL 469655, *3 (D.N.J. Feb. 24, 2006) (noting that a non-attorney cannot represent a party in New Jersey). Accordingly, Plaintiff's motion to appoint Mr. Gilbert-Bey to represent him in this matter is denied.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's claims against the FCI Ashland Defendants will be severed and transferred to the Eastern District of Kentucky. Plaintiff's claim against the Federal Bureau of Prisons is dismissed with prejudice. Additionally, Plaintiff's claims against the Northeast Regional Director, the Northeast Regional Administrative Remedy Coordinator, Warden Hollingsworth, the Associate Warden at FCI Fort Dix, the Captain at FCI Fort Dix, the Chief Psychologist at FCI Fort Dix, the Staff Psychologist at FCI Fort Dix, the Administrative Remedy Coordinator at FCI Fort Dix, Counselor Robert, and Counselor Castellanos will be dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff's Eighth Amendment claims against Counselor Ruffin, Unit Manager Robinson, Case Manager Crisson, Corrections Officer Collodo, the Special Agent-in-Charge at FCI Fort Dix, the Lieutenant of the Special Investigations Services at FCI Fort Dix, Counselor Watson, and Corrections Officer Rayfield will be permitted to proceed at this time. Furthermore, Plaintiff's motion to appoint a third-party representative is denied. An appropriate Order will be entered.

Dated: September 17, 2018              s/Robert B. Kugler
                                                                            ROBERT B. KUGLER
                                                                          United States District Judge